**Chun Yan GAO, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–1573–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 28, 2005.

John Z. Zhang, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, Margot P. Schoenborn, Assistant United States Attorneys, Brooklyn, New York., for Respondent.

Present: Hon. Jon O. NEWMAN, Hon. Richard C. WESLEY, and Hon. Peter W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chun Yan Gao petitions for review of the BIA decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA's opinion indicates that it decided the case on the assumption, "contrary to the IJ's finding," that the petitioner was credible, this Court reviews the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d. Cir.2005). In this case, however, Gao does not present any issues reviewable by this Court. Because the BIA's decision, rather than the IJ's, is at issue, Gao's brief challenging only the IJ's adverse credibility finding fails to raise any issue for appeal. By contending only that the IJ erred in finding her not credible, Gao has effectively waived any challenges to the BIA's determination that she did not meet her burden of proof and did not establish eligibility for asylum or withholding of removal. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). Since Gao does not address her CAT claim in her brief, this claim is also waived.

Federal Rule of Appellate Procedure 28(a) requires that an appellant's brief include, *inter alia,* a jurisdictional statement; a statement of the case describing lower court proceedings and dispositions below; a statement of the facts relevant to the issues on review with citations to the record; a summary of the argument, which should not merely repeat the argument; and an argument containing appellant's contentions, the reasons for them, and applicable standards of review. Fed. R.App. P. 28(a)(4), (6), (7), (8), (9). These are mandatory requirements. *Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir.1999) (per curiam).

The brief filed by petitioner's counsel, John Z. Zhang, fails to comply with the rules above. Counsel's statement of the case incorrectly states that the BIA affirmed part of the IJ's decision. Counsel's summary of the argument merely repeats the arguments presented on appeal to the BIA, *i.e.,* that IJ erred in finding the petitioner not to be credible; the BIA's findings are never addressed. Additionally, counsel does not provide citations to the record when discussing the relevant facts of the case. Finally, there is no statement of the applicable standards of review.

Counsel has failed to be an effective advocate for this client. Counsel is hereby warned that continued failure to comply with the Rules of Appellate Procedure could result in discipline. *See* Fed. R.App. P. 46(b), (c).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).