**YUN SHOU XIE, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–5111–ag.**

United States Court of Appeals, Second Circuit.

June 19, 2006.

John Z. Zhang, New York, NY, for Petitioner.

Laura Fashing, Assistant United States Attorney for the District of New Mexico (David C. Inglesias, United States Attorney for the District of New Mexico, of counsel), Albuquerque, NM, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. J. GARVAN MURTHA,* District Judge.

## SUMMARY ORDER

A. Application for Asylum and Withholding of Removal

Yun Shou Xie (A77–977–453) petitions for review of a BIA decision affirming, without opinion, the decision of the IJ denying Xie's application for asylum, withholding of removal, and CAT relief.

■ Where the BIA affirms without opinion, we review the IJ's decision directly, *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005), reviewing factual findings under the substantial evidence standard, *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73 (2d Cir.2004). Although we give "particular deference" to an IJ's credibility determination, *id.* (internal quotation marks and citation omitted), "our review is meant to ensure that credibility findings are based upon neither a misstatement of the facts ... nor bald speculation," *id.* at 74.

We conclude that the IJ's adverse credibility determination is not supported by substantial evidence. The IJ stated that Xie "indicated that ... his youngest child was registered in 1991, which is a year after that child's birth," but "the household

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

registration booklet speaks for itself" and "indicates that the child was registered . . . the day of the birth of the child." J.A. 41–42. But the household registration booklet does not "speak[ ] for itself" on the question of whether Xie's youngest child was registered on the date of his birth. Rather, the lines for "year, month, date" and "date of issue" are blank. *Id.* at 130. On a later line labeled "Immigrate into this address," is written: "Re-registered date of birth on Mar. 17, 1990." *Id.* There appears to be nothing in the record from which the IJ could rationally conclude that "re-registered date of birth" refers to the date the child was initially registered.

The IJ also stated that Xie's children appeared to have been registered prior to his wife's sterilization, but "[Xie] was not able to reconcile why the government would register these children . . . prior to the sterilization," which "clearly casts an inference that the sterilization was actually voluntary[ ] rather than involuntary." *Id.* at 42. As the government conceded at oral argument, there is no support in the record for the IJ's conclusion. Xie did not testify that registration of his children was conditioned on his wife being sterilized and nothing else in the record suggests that to be the case.

In addition, the IJ found inconsistent Xie's testimony and what the IJ termed a "gynecological check-up booklet." *Id.* We can find no such booklet in the record. In a supplemental letter to the Court, the government states that this booklet "appears at pages 146 to 150 of the Certified Administrative Record, and again at pages 277 to 281." Gov't Supp. Letter at 1. However, the document that appears at those pages of the record—labeled "Flowing Population Marriage and Birth Certificate"—does not purport to be issued in connection with any gynecological examination or check-up.

The IJ also incorrectly characterized Xie's testimony about money he borrowed from relatives, stating that Xie testified that he "paid someone $50,000 to come to the United States after borrowing money from relatives." J.A. 42. As the government concedes, however, Gov't Br. at 9 n. 3, Xie did not testify that he paid someone $50,000; he testified that he paid "more than 50,000," J.A. 92, and in the context of his testimony, it would appear that this amount was in RMB, not dollars, *see id.* at 91–92. Contrary to the IJ's statement, Xie also did not testify that he "paid . . . after borrowing money from relatives." *Id.* at 42. Rather, Xie testified that "after coming to the United States, I borrowed the money from the relatives and also work and pay back some." *Id.* at 92. Xie explained that he was able to borrow a sum of money after coming to the United States, but was not able to borrow enough while in China to pay his fine because when "people know that it's money for family planning, they [will] not lend the money to you." *Id.* at 92–93. Irrespective of whether this explanation has validity, we think the IJ should have considered it. *Cf. Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 403 (2d Cir.2005). In any event, the IJ's conclusion appears to have rested on a mischaracterization of Xie's testimony. "We do not . . . rely on the IJ's findings to the extent that [s]he erroneously mischaracterized petitioner's testimony . . . ." *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159 (2d Cir.2006).

In sum, "[b]ecause we cannot confidently predict that the IJ would reach the same conclusion in the absence of these deficiencies, the IJ's adverse credibility determination cannot stand." *Pavlova v. I.N.S.,* 441 F.3d 82, 88 (2d Cir.2006).

**B. Application for CAT Relief**

█ Because Xie has failed to raise his CAT claim before this court, that claim is

deemed abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

C. Deficiencies in Petitioner's Brief

We find ourselves compelled to note that the brief filed by petitioner's counsel is seriously deficient. It fails to comply with Federal Rule of Appellate Procedure 28(a)(8) and (9). Counsel's summary of the argument fails to summarize the arguments made in the body of brief. The argument section is only two pages long and fails to cite a single case from this Court or any other court or a single statute or regulation. The argument section also fails to include any citations to the "parts of the record on which" the argument relies. *See* Fed. R.App. Pro. 28(a)(9)(A). We also note that counsel's brief is replete with typographical errors. Failure to comply with the Federal Rules of Appellate Procedure can result in discipline or sanctions. *See* Fed. R.App. Pro. 46(b), (c).

For the foregoing reasons, the petition for review is hereby GRANTED in part, and the BIA's decision affirming the denial of asylum and withholding of removal is VACATED. The case is hereby RE-MANDED for further proceedings consistent with this order.