**JIN BAO JIANG, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 04–3375–ag.

United States Court of Appeals, Second Circuit.

June 22, 2006.

John Z. Zhang, New York, New York, for Petitioner.

Michael G. Heavican, United States Attorney for the District of Nebraska, Alan L. Everett, Assistant United States Attorney, Lincoln, Nebraska, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Jin Bao Jiang, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") John Opaciuch's decision denying Jiang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

§ 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In the instant case, the IJ gave several reasons for his adverse credibility ruling against Jiang. While several of the IJ's grounds seemingly contained error—*e.g.*, the alleged discrepancy between Jiang's testimony that his parents were unaware of his practice of Falun Gong, on the one hand, and their affidavit, on the other; the IJ's view that Jiang's understanding of Falun Gong was inadequate;[1] and the assertion that it was implausible that Jiang's parents were not arrested when government officials came to their home—the IJ nevertheless pointed to some inconsistencies that are sufficiently crucial so that we "can state with confidence that the IJ would adhere to his decision were the petition remanded." *See Xiao Ji Chen v. United States Dep't of Justice*, 434 F.3d 144, 161 (2d Cir.2006). These include (1) the inconsistency between petitioner's initial statement that he came to the United States for economic reasons and his subsequent testimony that he fled China because he feared religious persecution, and (2) his unexplained lack of adherence to the practice of Falun Gong since his arrival in the United States. Accordingly, we conclude that remand is not needed.

While we have decided this case on the merits, we wish also to note that there are severe problems with Jiang's brief, which, in themselves, would warrant a denial of this petition. Rule 28(a) of the Federal Rule of Appellate Procedure sets forth the requirements of an appellant's brief to a court of appeals. Among other requirements, an appellant's brief must contain: (1) a statement of the issues presented for review; (2) a summary of the argument, which must not merely repeat the argument headings; (3) reasons for the appellant's contention including citations to the authorities on which appellant relies; and (4) a statement of the applicable standard of review. Fed. R.App. P. 28(a)(5), (8), (9)(A), (9)(B). Compliance with these provisions is mandatory. *See Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir.1999) *(per curiam)*.

Here, Jiang's brief fails to comply with the requirements of Rule 28(a). Outside of the jurisdictional analysis, the eight page brief contains no legal authority. Nowhere does the brief state the applicable standard of review as is required under Rule 28(a)(9)(B). Jiang's brief also fails to comply with Rule 28(a)(8) because the summary of the argument merely repeats the argument headings. *See* Pet'r Br. at 5–7. While Jiang's brief facially appears to comply with Rule 28(a)(5), which requires a statement of the issues presented for review, issue one and issue two are not the legal issues raised in point one and point two of Jiang's argument. *See* Pet'r Br. at 1,6,7.

This is not the first time that this Court has seen deficient work from Jiang's counsel, John Z. Zhang. Counsel is again warned that failure to comply with the Rules of Appellate Procedure could result in discipline under Fed. R.App. P. 46(b), (c).

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

---

1. Although the IJ's concern about the adequacy of Jiang's knowledge of Falun Gong is problematic, *see Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir.2006), we note that petitioner's explanation (that his education was limited), though not specifically relied on by the IJ, is itself inconsistent with his later testimony.

58

Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).