**RUI RONG NI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–3581–ag.

United States Court of Appeals, Second Circuit.

Jan. 24, 2007.

John Z. Zhang, New York, NY, for Petitioner.

Alison M. Igoe, Department of Justice, Civil Division, Washington, D.C. (Sara E. Fullerton, Assistant United States Attorney, of counsel; Michael G. Heavican, United States Attorney for the District of Nebraska, on the brief, Lincoln, NE), for Respondent.

Present: PIERRE N. LEVAL, CHESTER J. STRAUB, Circuit Judges and STEFAN R. UNDERHILL, District Judge.*

## SUMMARY ORDER

Rui Rong Ni (A 78 444 546) petitions for review of the BIA's June 15, 2005 decision denying her motion to reconsider [1] its previous denial of her motion to reopen, which was premised on a claim of ineffective assistance of counsel. We assume the par-

---

* The Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

1. The statement of the facts in Petitioner's brief focuses on the underlying denial of asylum, but omits the pertinent facts and procedural history relating to the BIA's denial of the motion to reconsider. The Petitioner's counsel, John J. Zhang, Esq., has previously been warned by this Court that sanctions may be imposed on him by reason of deficiencies in his briefs. *See Jin Bao Jiang v. Gonzales,* 187 Fed.Appx. 56, 57 (2d Cir.2006); *Yun Shou Xie v. BIA,* 186 Fed.Appx. 88, 91 (2d Cir.2006); *Chun Yan Gao v. BIA,* 161 Fed. Appx. 87, 88 (2d Cir.2005). The present brief is in many respects seriously deficient. It offers arguments only tangentially related to the denial of the motion to reconsider, and fails to address directly the pertinent issues. The argument section of the brief includes not a single citation to any statute, regulation, rule, judicial opinion, or other source of law.

ties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). "An abuse of discretion may be found where the BIA's decision 'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.'" *Id.* (quoting *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam)).

The petition for review brings up only the BIA's denial of the motion to reconsider. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (each BIA decision is a separate final order, requiring a separate petition for review). Accordingly, we are precluded from passing on the merits of the underlying denial of asylum. *See Jin Ming Liu,* 439 F.3d at 111; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). We are also precluded from reviewing the merits of the BIA's denial of the motion to reopen, and we address that decision only to the extent that it relates to the BIA's reasons for denying the motion to reconsider.

■ Ni failed to present any argument in her motion to reopen, or to support it with any evidence, and she filed it one day after the 90–day period for filing a motion to reopen had expired. The BIA denied that motion as untimely, and further noted that, to the extent that Ni was alleging ineffective assistance of counsel, she had failed to comply with the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (1988). Ni subsequently prepared an affidavit, filed a complaint against her former attorney, and sent him a copy. She sub-

mitted these documents, along with a motion to reconsider, to the BIA. In that motion, she also argued that in light of the ineffective assistance provided by her former counsel, the BIA should have equitably tolled the filing deadline for her motion to reopen.

Unlike a motion to reopen, which "asks that the proceedings be reopened for new evidence and a new decision," *Ke Zhen Zhao,* 265 F.3d at 90, a motion for reconsideration " 'request[s] that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked,'" *Jin Ming Liu,* 439 F.3d at 111 (quoting *In re Cerna,* 20 I. & N. Dec. 399, 403 n. 2 (B.I.A.1991)). A motion to reconsider requires an alien to show that " '*at the time* of the Board's previous decision an error was made.'" *Ke Zhen Zhao,* 265 F.3d at 90 (quoting *In re Cerna,* 20 I. & N. Dec. at 402 (emphasis added)); *see also* 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law *in the prior Board decision* and shall be supported by pertinent authority." (emphasis added)). Thus, in deciding a motion to reconsider, the BIA "takes itself back in time and looks at the case as though a decision had never been entered." *Ke Zhen Zhao,* 265 F.3d at 90.

■ The BIA did not abuse its discretion in denying Ni's motion to reconsider, as it was based on her belated compliance with *Lozada* and on documents that were not submitted with the motion to reopen. Additionally, Ni's equitable tolling argument, which the BIA did not explicitly address, is clearly inapplicable to the facts of this case: Ni admitted that she learned of the facts giving rise to the ineffective assistance claim long before the time period for filing a motion to reopen expired,

and she failed to explain why she could not have filed the motion on time. *See Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000) (holding that the filing deadline may be tolled only until the point when the ineffective assistance is, or should have been, discovered); *see also id.* ("Although the BIA did not address the issue of equitable tolling and therefore did not make a finding regarding due diligence, we may affirm the BIA's denial of the motion to reopen on grounds not stated in the decision if we are certain, given the facts, as to how the BIA would have resolved this issue."). While there is evidence in the record that might support an ineffective assistance claim, that evidence should have been submitted with Ni's motion to reopen, and timely filed. Because Ni did not allege, and likely could not allege, any errors in the BIA's denial of the motion to reopen, the BIA did not exceed its permissible discretion in denying her motion to reconsider.[2]

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** The BIA arguably could have construed Ni's self-titled "motion to reconsider" as a motion to reopen. *See Ke Zhen Zhao*, 265 F.3d at 90–91. It would be futile to remand the case on this basis, however, since a second motion to reopen would be both time-barred and number-barred. *See* 8 C.F.R. § 1003.2(c)(2). Although these procedural requirements are subject to equitable tolling, as explained above, Petitioner has failed to show that she "exercised reasonable due diligence during the time period sought to be tolled." *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006).