**YU LIU, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 07–2986–ag.

United States Court of Appeals, Second Circuit.

March 24, 2008.

John Z. Zhang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Francis W. Fraser, Senior Litigation Counsel, Kate D. Balaban, Staff Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Yu Liu, a native and citizen of the People's Republic of China, seeks review of the June 13, 2007 order of the BIA affirming the March 12, 2003 decision of Immigration Judge ("IJ") John Opaciuch, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Liu*, No. A78 746 874 (B.I.A. June 13, 2007), *aff'g* No. A78 746 874 (Immig. Ct. N.Y. City Mar. 12, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

As a preliminary matter, because Liu failed to challenge the agency's denial of his CAT claim before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

We find it unnecessary to review the agency's adverse credibility determination because we agree with its conclusion that, even if credible, Liu failed to carry his burden of proof as to asylum and withholding of removal. An alien may establish eligibility for asylum by demonstrating past persecution based on his or her own "resistance" to a coercive population control program or a well-founded fear that he or she will be subjected to persecution for such resistance. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 312–13 (2d Cir.2007) (en banc) (citing 8 U.S.C. § 1101(a)(42)). The BIA has found that "the term 'resistance' covers a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other *overt* forms of resistance to the requirements of the family planning law." *In re S–L–L–,* 24 I. & N. Dec. 1, 10 (BIA 2006) (en banc) (emphasis added) (*quoted in Shi Liang Lin,* 494 F.3d at 313).

We find no error in the BIA's conclusion that Liu failed to demonstrate "resistance" to China's family planning policy. We note that Liu does not challenge the BIA's definition of the term "resistance," only its application of the law to the facts of his case. The conclusory arguments contained in his brief do not sufficiently explain how his actions could be considered "resistance" under 8 U.S.C. § 1101(a)(42). Accordingly, the agency properly denied his asylum application.[1]

Because Liu was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 155 (2d Cir.2006).

Finally, the brief submitted on Yu's behalf by John Z. Zhang fails to comply with the Federal Rules of Appellate Procedure and is otherwise of poor quality. Among other deficiencies, the brief cites, as the basis of this Court's jurisdiction, a statute that says nothing about jurisdiction; includes a summary of the argument that merely states the issues presented; fails to note any standard of review; does not even mention the BIA's decision in this case; includes nearly no citations to legal authority; fails to discuss *Shi Liang Lin* or the "resistance" issue in any coherent fashion; and is riddled with grammatical errors. *Cf.* Fed. R.App. P. 28(a).

This is at least the fifth time that Zhang has submitted such inadequate briefing to this Court. *See Rui Rong Ni v. BIA,* 214 Fed.Appx. 96, 98 n. 1 (2d Cir.2007); *Jin Bao Jiang v. Gonzales,* 187 Fed.Appx. 56, 57 (2d Cir.2006); *Yun Shou Xie v. BIA,* 186 Fed.Appx. 88, 91 (2d Cir.2006); *Chun Yan Gao v. BIA,* 161 Fed.Appx. 87, 88 (2d Cir.2005). On the previous four occasions, the Court warned Zhang that subsequent failure to comply with the Federal Rules of Appellate Procedure could subject him to discipline. He has therefore had sufficient warning. The Court hereby refers the matter to the Court's Grievance Panel to take whatever measures it deems appropriate.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. While Liu testified that he feared sterilization if returned to China, he failed to raise this assertion in his brief to the BIA on remand or in his brief to this Court. Accordingly, we deem any such argument abandoned. *See Yueqing Zhang,* 426 F.3d at 545 n. 7.