**CHANGMING REN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–6121–ag.**

United States Court of Appeals, Second Circuit.

Aug. 14, 2008.

Tao Lin, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Erica B. Miles, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES and Hon. REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Changming Ren, a native and citizen of the People's Republic of China, seeks review of the October 29, 2004 order of the BIA affirming the June 30, 2003 decision of Immigration Judge ("IJ") Michael Rocco, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Changming Ren,* No. A79

301 102 (B.I.A. Oct. 29, 2004), *aff'g* No. A79 301 102 (Immig. Ct. Buffalo June 30, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 66 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

As a preliminary matter, because Ren failed to challenge the IJ's denial of his CAT claim in either his brief to the BIA or his brief to this Court, we deem that claim abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007) (citing *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005)). Regarding the agency's denial of asylum and withholding of removal, we deny Ren's petition for review for the reasons explained below.

It is axiomatic that the requirements of Federal Rule of Appellate Procedure 28(a) are "mandatory." *Sioson v. Knights of Columbus,* 303 F.3d 458, 459 (2d Cir.2002). Petitioners seeking judicial review have an obligation to present their arguments clearly and to support them with citations to relevant legal authority and record evidence. *See* Fed. R.App. P. 28(a)(9)(A) (providing that a brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Moreover, issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7 (citing *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998)); *see also Frank v. U.S.,* 78 F.3d 815, 833 (2d Cir.1996) (noting that "simply stating an issue does not constitute compliance with Rule 28(a): an appellant or cross-appellant must state the issue and advance an argument"), *certiorari granted and judgment vacated on other grounds by Frank v. United States,* 521 U.S. 1114, 117 S.Ct. 2501, 138 L.Ed.2d 1007 (1997). While we have the power to address an argument despite a waiver of this sort, we ordinarily will not do so unless manifest injustice otherwise would result. *See LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.,* 308 F.3d 169, 176 n. 8 (2d Cir.2002) (citing *Anderson v. Branen,* 27 F.3d 29, 30 (2d Cir.1994)).

Ren's brief to this Court fails to comply with Rule 28(a) in multiple respects and is otherwise of poor quality. Among other deficiencies, the brief: fails to include any cites to the administrative record; includes an inadequate statement of the facts and procedural history; fails to include a summary of the arguments; includes a jurisdictional statement that is incomplete, factually inaccurate, and contains citations to sections of the United States Code and the Immigration and Nationality Act that have nothing to do with jurisdiction; is largely devoid of relevant citations to decisions of this Court; and fails to provide the relevant standard of review. Moreover, Ren challenges only two of the findings supporting the IJ's adverse credibility determination, having abandoned any challenge to the other findings (notably the IJ's finding that he failed to sufficiently corroborate his claims). *See Gui Yin Liu,* 508 F.3d at 723 n. 6. As to the findings that he does challenge, he makes no attempt to connect the facts provided to any relevant legal principle. *See Sioson,* 303 F.3d at 459 (observing that "[t]o make a legal argument is to advance one's contentions by connecting law to facts" (citing Fed. R.App. P. 28(a)(9)(A))).

Ren's "brief is tantamount to an 'invitation ... to scour the record, research any legal theory that comes to mind, and serve generally as [his] advocate.'" *Id.* at 460 (quoting *Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir. 1999)) (alterations added). This is not our function, especially in a counseled case. *See id.* In light of the foregoing, we find that Ren's brief does not comply with Rule 28(a), and deem waived any challenges to the agency's adverse credibility determination.[1] *See id.; see also Norton,* 145 F.3d at 117. Ren's failure to raise any adequate challenge to that determination is fatal to his petition for review. Counsel is cautioned that the future filing of such an inadequate submission will be grounds not only for rejection of the brief but a formal reprimand or other sanction, including the possible referral to the Court's Grievance Panel.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. In any event, a brief review of the adverse credibility determination reveals that it was supported by specific, cogent findings and was dispositive of the agency's denial of relief. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of*

*Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc).

