10-4425-cv
Murray v. Mitsubishi Motors of North America, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand twelve.

Present:
> ROBERT A. KATZMANN,
> DENNY CHIN,
> > *Circuit Judges*,
> LEE H. ROSENTHAL,
> > *District Judge*.[*]

---

SARAH MURRAY,

> *Plaintiff-Appellant*,

> v.                                                                 No. 10-4425-cv

MITSUBISHI MOTORS OF NORTH AMERICA, INC.,
and BRIDGESTONE/FIRESTONE, INC.,

> *Defendants-Appellees*.[**]

---

---

[*] The Honorable Lee H. Rosenthal, of the United States District Court for the Southern District of Texas, sitting by designation.

[**] We direct the Clerk of the Court to amend the official caption as noted.

For Plaintiff-Appellant:                        KENNETH R. DAVIS, Stamford, CT.

For Defendant-Appellee
Mitsubishi Motors of North America, Inc.:        ROBERT C. E. LANEY (Claire E. Ryan, Ryan
                                                 Ryan Deluca LLP, Stamford, CT; Howard A.
                                                 Fried, Segal, McCambridge, Singer &
                                                 Mahoney, Ltd., New York, N.Y., *on the brief*),
                                                 Ryan Ryan Deluca LLP, Stamford, CT.

For Defendant-Appellee
Bridgestone, Firestone, Inc.:                    JOHN WALSHE, The Cotter Law Firm, Stratford,
                                                 CT.

Appeal from the United States District Court for the District of Connecticut (Chatigny, *J*.).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Sarah Murray appeals from an August 13, 2010 Ruling and Order and a September 25, 2010 Order issued by the District Court for the District of Connecticut (Chatigny, *J*.) granting defendants' motion to dismiss the action and denying plaintiff's motion, respectively, as a sanction for plaintiff's failure to comply with court orders. We assume the parties' familiarity with the facts and procedural history of this case.

Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders . . . [including] dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). We review a district court's imposition of sanctions under Rule 37, including dismissal, for abuse of discretion, and we review a district court's factual findings supporting sanctions only for clear error. *Friends of Animals, Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997) (per curiam). "A district court 'abuses' or 'exceeds' the discretion

2

accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision -- though not necessarily the product of a legal error or a clearly erroneous factual finding -- cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163,169 (2d Cir. 2001) (footnote omitted). "Several factors may be useful in evaluating a district court's exercise of discretion to dismiss an action under Rule 37. These include: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks and ellipsis omitted).

In this case, Murray does not appear to challenge the district court's findings that: she was required to provide a damages analysis by June 15, 2009 and to disclose expert reports by August 15, 2009; she did not comply with either deadline or seek an extension of time; that she represented to the district court during a September 15, 2009 telephone conference that her experts would be disclosed within four weeks, but nonetheless failed make her promised disclosure; she continued to ignore the court's orders despite the court's warning on February 10, 2010 that further noncompliance could result in dismissal of the action; and she remained noncompliant for an entire year, when the district court finally granted the defendants' motions to dismiss. *Murray v. Mitsubishi Motors of N. Am., Inc.*, No. 3:08-CV-1729(RNC), 2010 U.S. Dist. LEXIS 84921, at *3 (D. Conn. Aug. 13, 2010). This undisputed record amply supports the district court's conclusion that each of the relevant factors weighed in favor of dismissal:

> Plaintiff's failure to disclose experts and provide a damages analysis prejudice the defendants by preventing them from preparing a defense to her claims. Her noncompliance with the tailored scheduling order is not inadvertent. She has been in

3

noncompliance for a year, despite reminders that her disclosures were overdue. Plaintiff's counsel was warned by the Court six months ago that continued noncompliance could result in dismissal. . . . Accordingly, the motions to dismiss are hereby granted.

*Id.* We agree, and conclude that the district court acted well within its discretion in granting

defendants' motions to dismiss. Additionally, the district court initially dismissed the case

without prejudice to allow Murray to move to reopen if she filed the long overdue disclosure and

damages analysis. Murray again ignored the court's instructions, filing a motion to reopen

without the required expert disclosure. Accordingly, to the extent Murray challenges the district

court's denial of her motion to reopen pursuant to Rule 60(b) of the Federal Rules of Civil

Procedure, we affirm that decision as a proper exercise of the district court's discretion. *See*

*Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55-56 (2d Cir. 1989) (affirming denial of Rule

60(b) motion because of plaintiff's "dilatory" conduct).

While we have decided this case on the merits, we further note that there are severe

problems with Murray's brief, which, in themselves, would warrant dismissal of the appeal. *See*

*Jin Bao Jiang v. Gonzales*, 187 F. App'x 56, 57 (2d Cir. 2006) (summary order). Rule 28(a) of

the Federal Rules of Appellate Procedure provides that the appellant's brief must contain "a

statement of facts relevant to the issues submitted for review with appropriate references to the

record," as well as an argument, which itself must specify "appellant's contentions and the

reasons for them, with citations to the authorities and parts of the record on which the appellant

relies." Fed. R. App. P. 28(a)(7), (9)(A). *See also Changming Ren v. Board of Immigration*

*Appeals*, 288 F. App'x 771, 772 (2d Cir. 2008) (summary order) ("Petitioners seeking judicial

review have an obligation to present their arguments clearly and to support them with citations to

relevant legal authority and record evidence."). The requirements set forth in Rule 28(a) are

mandatory, and noncompliance warrants dismissal of the appeal. *See Sioson v. Knights of*

4

*Columbus*, 303 F.3d 458, 459-60 (2d Cir. 2002) (per curiam); *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999). In this case, Murray's brief borders on the incomprehensible. She cites not a single case to support any of her arguments, nor does she cite any statutory authority. Indeed, the only citations in the entire brief appear on the first page, where Murray incorrectly asserts that the jurisdiction of this court "is invoked pursuant to: federal 26(f) and rule 37(b) of the case." Pl.'s Br. 1. The brief consists of little more than an emotional appeal to this Court to ignore her repeated failings below because neither she nor her lawyer are wealthy.

Because we have determined that this appeal must be dismissed for two independent reasons, we need not consider the additional grounds offered by the defendants on which we may affirm the district court's decision. We have considered Murray's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5