Fahie v. Rivera

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand thirteen.

PRESENT:
> CHESTER J. STRAUB,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

Realdalist A. Fahie,

> *Plaintiff-Appellant,*

> v.                                                    11-4081

Rivera, Officer, Badge #3501, Individually, Rivera, Officer, Badge # 3501, in her official capacity as a police officer of the City of New York, McDonald, Officer, 44 pct., Property Clerk Officer, Individually, McDonald, Officer, 44 pct., Property Clerk Officer, in his official capacity as a police officer of the City of New York, Kruch, Sgt. New York, Columbia Presbyterian Hospital, New York Presbyterian Hospital, Janet Rivera, Officer, Shield No. 3561,

**Individually, Janet Rivera,
Officer, Shield No. 3561, and in
her official capacity as a Police
Officer, Santos Rivera, Officer,
Shield # 9402, Individually, Santos
Rivera, Officer, Shield #9402, and
in his official capacity as a
police officer, James Wannamaker,
Officer, Shield # 4584,
Individually, Krech, Officer,
Shield # 3951, Rivera, Officer,
Badge # 3402, Individually,**

_Defendants-Appellees._

_____

**FOR PLAINTIFF-APPELLANT:**   Realdalist A. Fahie, _pro se_, New
                               York, N.Y.

**FOR DEFENDANTS-APPELLEES:**   Deborah A. Brenner, Kristin M.
                               Helmers, _for_ Michael A. Cardozo,
                               Corporation Counsel of the City of
                               New York, New York, N.Y.


Appeal from the judgment of the United States District Court for the Southern District of New York (Daniels, _J._).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Realdalist Fahie, proceeding _pro se_, appeals from the district court's judgment, following a jury trial, in favor of the defendants in his action brought pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

As an initial matter, from the arguments contained in his brief, it appears that Fahie seeks to challenge the portion of the district court's September 2010 order awarding the defendants partial summary judgment on his false arrest claim.  The argument he now presses on appeal with respect to this claim — that his initial detention was "tantamount to an arrest" given the amount of force employed by the officers — was not raised in the district court during the summary judgment proceedings.  "'In general we refrain from passing on issues not raised below,'" *Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005)(quoting *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004)), and the arguments presented by Fahie on appeal provide us with no basis to deviate from this general rule in this case.  Accordingly, we affirm the district court's dismissal of Fahie's false arrest claim on summary judgment.

With respect to Fahie's appeal from the jury verdict, the defendants argue that his appeal should be dismissed for his failure to comply with the requirements of Fed. R. App. P. 28. Rule 28 provides that the argument section of the appellant's brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  Fed. R. App. P. 28(a)(9)(A).  We have held that, while compliance with Rule 28 is "mandatory," *Sioson v. Knights of Columbus*, 303 F.3d 458, 459 (2d

3

Cir. 2002)(*per curiam*), the failure to comply with the Rule "does not automatically preclude us from considering an issue," *Frank v. United States*, 78 F.3d 815, 833 (2d Cir. 1996), *vacated on other grounds*, 521 U.S. 1114 (1997); *see also Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 48 (2d Cir. 2012) (collecting cases).

Here, Fahie has failed to support his arguments relating to his illegal search claim with citations to the trial transcript. In addition, he has failed to provide us with the transcript of the district court's evidentiary rulings as required by Fed. R. App. P. 10(b). While these omissions arguably warrant the dismissal of his appeal for failure to comply with the relevant Rules, in light of his status as a *pro se* litigant, we nonetheless have independently reviewed the record and considered the merits of his arguments.

A.   **Evidentiary Rulings**

We review a district court's decision to admit or preclude evidence for "abuse of discretion." *See Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 16 (2d Cir. 1996); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (articulating the abuse of discretion standard). A new trial is warranted if the court's abuse of discretion clearly prejudiced the outcome of the trial. *See Hygh v. Jacobs*, 961 F.2d 359, 365 (2d Cir. 1992). A new trial will be granted only if we are "convinced that the jury has

4

reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Pescatore*, 97 F.3d at 17 (internal quotation marks omitted). In order to preserve a claim of error with respect to a district court's admission of evidence, the party must timely object to the admission and state a specific ground for the objection. *See* Fed. R. Evid. 103(a)(1); *see also United States v. Birbal*, 62 F.3d 456, 465 (2d Cir. 1995).

In his brief, Fahie argues, without elaboration, that the district court committed "serious error" when it precluded him from introducing a certificate of disposition in his state court criminal proceedings while permitting the defendants to introduce an arrest report and a "marijuana supplemental fact sheet" that were filled out shortly after his August 2007 arrest. With respect to the supplemental fact sheet, Fahie has failed to preserve any claim of error relating to the admission of that document because, during trial, his attorney withdrew his objection to the introduction of that document. *See* Fed. R. Evid. 103(a)(1).

With respect to the arrest report, while Fahie properly objected to its admission as a business record during the trial, he has not provided us with a transcript of the district court's initial ruling on the admissibility of the arrest report. Even if he could demonstrate that the district court's admission of the report as a business record was an abuse of discretion,

5

however, we find that any potential error was harmless. *See* Fed. R. Civ. P. 61 (district court's errors in "admitting or excluding evidence" subject to harmless error review). As noted above, during trial, Fahie's attorney withdrew his objection to the admission of the marijuana supplemental fact sheet, which contained a relevant statement identical to that contained in the arrest report — namely that Fahie had been observed by the defendants exchanging currency for a "small object from [an] unapprehended dealer." Because the jury would have been presented with the same information regardless of whether the arrest report was admitted, any error in the admission of that report was harmless. *See Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010) ("An error is harmless if we can conclude with fair assurance that the evidence did not substantially influence the jury." (internal quotation marks omitted)).

Finally, to the extent Fahie argues that the district court erroneously precluded him from introducing the certificate of disposition, he has failed to articulate on appeal how the certificate of disposition was relevant to the issues involved in the trial, *i.e.*, whether the officers had probable cause to stop and search Fahie prior to his arrest and prosecution. *See* Fed. R. Evid. 401 (noting that evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in

determining the action."). The district court did not exceed the bounds of its discretion when it precluded Fahie from introducing the certificate of disposition.

**B.    Sufficiency of the Evidence**

Fahie's arguments that the officers did not have a "constitutional basis" to stop and search him appear to challenge the sufficiency of the trial evidence supporting the jury's conclusion that he had not demonstrated that the officers acted without probable cause.  When reviewing the sufficiency of the evidence in support of a jury's verdict, we "'examine the evidence in the light most favorable to the party in whose favor the jury decided, drawing all reasonable inferences in the winning party's favor.'"  *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 150-51 (2d Cir. 2012) (quoting *Gronowski v. Spencer*, 424 F.3d 285, 291 (2d Cir. 2005)).  We will overturn the verdict "only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the appellant that reasonable and fair minded men could not arrive at a verdict against the appellant."  *Gronowski*, 424 F.3d at 292 (internal quotation marks and alterations omitted).

The central issue in the trial was whether the officers possessed probable cause at the time they stopped and searched

7

Fahie.  As we have noted, "[t]he existence of probable cause will defeat a claim of malicious prosecution and unreasonable search and seizure."  *Fabrikant v. French*, 691 F.3d 193, 215 (2d Cir. 2012).  Probable cause to search "is demonstrated where the totality of circumstances indicates a 'fair probability that contraband or evidence of a crime will be found in a particular place.'"  *Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).  Although Fahie argues extensively that the evidence adduced at trial demonstrated that the officers had no legal basis to stop and search him, he has not addressed the officers' evidence that they observed him participate in a drug transaction shortly before the search.  In light of the competing evidence presented to the jury on the issue of whether the drug transaction occurred, we defer to the jury's determination on the issue of probable cause, which turned on the jury's assessment of the weight of the evidence and the parties' credibility.  *See United States v. Payne*, 591 F.3d 46, 60 (2d. Cir. 2010) ("Assessments of witness credibility and choices between competing inferences lie solely within the province of the jury.  Where there are conflicts in the testimony, we must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." (internal citation, quotation marks, and alterations omitted)).

We have considered all of Fahie's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk