15-1963-cv
*Bak v. Metro-North R.R. Co.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand sixteen.

PRESENT:  JON O. NEWMAN,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

---

CHAN YOUNG BAK, AS ADMINISTRATOR OF THE ESTATE OF HYANG JA BAK LEE, DECEASED, AND CHAN YOUNG BAK, INDIVIDUALLY,

      *Plaintiff-Appellant,*           15-1963-cv

      v.

METRO-NORTH RAILROAD COMPANY, FUSCO MANAGEMENT COMPANY, LLC, ABM INDUSTRIES, INC., DBA ABM/ACSS SECURITY, DBA AMERICAN COMMERCIAL SECURITY SERVICES,

      *Defendants-Appellees,*

      v.

METROPOLITAN TRANSPORTATION AUTHORITY, CITY OF BRIDGEPORT, SUBURBAN CONTRACT CLEANING SERVICES OF PENNSYLVANIA, INC., DBA SUBURBAN CONTRACT CLEANING SERVICES, GREGG, WIES & GARDNER ARCHITECTS, LLC, TAMS

Consultants, Inc., National Railroad
Passenger Corporation, DBA Amtrak,

*Defendants.*

FOR PLAINTIFF-APPELLANT:

Gary Certain, Law Office of Certain & Zilberg, PLLC, New York, NY.

FOR DEFENDANT-APPELLEE METRO-NORTH RAILROAD COMPANY:

Ioana Wenchell, Metro-North Railroad Co., New York, NY; Beck S. Fineman, Ryan Ryan Deluca LLP, Stamford, CT.

FOR DEFENDANT-APPELLEE FUSCO MANAGEMENT COMPANY, LLC:

Scott Haworth, Haworth Coleman & Gerstman, LLC, New York, NY.

FOR DEFENDANT-APPELLEE ABM INDUSTRIES, INC.:

Yolanda L. Ayala, Gallo Vitucci Klar LLP, Hackensack, NJ.

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED IN PART** and **VACATED IN PART** and the cause **REMANDED**.

Plaintiff-appellant Chan Young Bak ("Bak") appeals from a May 26, 2015 judgment of the District Court, which followed a jury verdict for defendants-appellees Fusco Management Co., LLC and Metro-North Railroad Co., and a directed verdict for defendant-appellee ABM Industries, Inc. ("ABM"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Bak brought this action for negligence and wrongful death after his mother, Hyang Ja Bak Lee ("Bak Lee"), sustained fatal injuries as the result of falling from a platform of the Bridgeport, Connecticut, train station. On appeal, Bak argues that the District Court erred (1) in excluding evidence of subsequent remedial measures and of certain safety codes; (2) in ruling as a matter of law that ABM owed no duty of care to Bak Lee, except to notice or discover her fall and to summon help; and (3) in denying Bak's challenge pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986).[1] We

---

[1] We glean these issues from the body of Bak's brief, as he has failed to include a separate "statement of the issues presented for review," as required by Rule 28(a)(5) of the Federal Rules of Appellate Procedure. Bak's brief also omitted a "summary of the argument," as required by Rule

conclude that the District Court erred in denying Bak's *Batson* challenge, and that a new trial is therefore necessary.

*Batson*, extended to civil cases by *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 628 (1991), forbids the use of peremptory challenges to exclude potential jurors on the basis of their race. Courts must "apply a three-step, burden-shifting analysis to determine whether a peremptory strike has been exercised in a racially discriminatory manner." *Barnes v. Anderson*, 202 F.3d 150, 155 (2d Cir. 1999). If a party makes a *prima facie* showing that a juror has been struck on the basis of race (step one), the opposing party must articulate a race-neutral explanation for the strike (step two). *Id.* Once a race-neutral explanation has been articulated, the court must determine "whether the opponent of the strike has proved purposeful racial discrimination" (step three). *Purkett v. Elem*, 514 U.S. 765, 767 (1995).

Bak raised a *Batson* challenge to defendants' peremptory strike of juror number 15, who was black.[2] Bak argues that the court erred by failing to make a credibility determination at the third stage of the *Batson* analysis. We agree. A district court must make an "explicit adjudication" as to whether the movant has carried his burden of persuasion in proving purposeful discrimination. *Barnes*, 202 F.3d at 156. Although the court need not offer an elaborate explanation, it "must somehow make clear whether it credits the non-moving party's race-neutral explanation for striking the relevant panelist." *Dolphy v. Mantello*, 552 F.3d 236, 239 (2d Cir. 2009) (internal quotation marks omitted). Here, although the District Court concluded at the second *Batson* step that defendants had proffered a "nonracial, nondiscriminatory reason" for striking Simmons—namely, his employment as an actor—the court did not expressly rule on whether it found that explanation credible in the circumstances presented.

"Ordinarily in this circumstance we would remand to the district court with instructions either to re-conduct the *Batson* analysis or, if the district court determined that it was no longer possible to do so effectively, to order a new trial." *Barnes*, 202 F.3d at 157. Here, however, further proceedings in a federal district court are no longer appropriate. Bak has alleged only state-law claims, and the parties lack complete diversity. Federal jurisdiction initially depended on Bak's naming as a defendant the National Railroad Passenger Corporation ("Amtrak"), a corporation owned mostly by the United States. *See* 28 U.S.C. § 1349; *see also Dep't of Transp. v. Ass'n of Am. Railroads*, 135 S. Ct. 1225, 1231 (2015) ("The Secretary of Transportation holds all of Amtrak's

---

28(a)(7). We remind Bak's counsel that "failure to comply with Rule 28 invites dismissal of the appeal." *Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 48 (2d Cir. 2012).

[2] The parties dispute whether Bak also challenged peremptory strikes against three other jurors. Because we conclude that the District Court erred in analyzing the *Batson* challenge regarding juror number 15, we need not decide whether Bak raised and preserved any other *Batson* claims.

preferred stock and most of its common stock."). Although the District Court dismissed Amtrak from the case following a motion for summary judgment, the District Court elected to retain supplemental jurisdiction over Bak's state-law claims because of the proximity of trial. *See* 28 U.S.C. § 1367; *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994). Now, however, with all federal claims dismissed and new proceedings required, it is most appropriate for this case to be retried in a state court. *See, e.g. Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001).[3]

Finally, we consider Bak's argument that the District Court erred in ruling at the summary judgment stage that "ABM owed no duty to report, maintain, or repair defective guardrails." *See Bak v. Metro-North R.R. Co.*, 100 F. Supp. 3d 331, 341 (S.D.N.Y. 2015).[4] The only case Bak cites to support his argument, *Gazo v. City of Stamford*, 765 A.2d 505 (Conn. 2001), is inapposite. *Gazo* held that a pedestrian who slipped on an icy sidewalk was owed a duty of care by a contractor hired to remove snow from that sidewalk. *Id.* at 508–09. In other words, *Gazo* involved a contractor that had negligently performed the very work it had been hired to perform. Here, in contrast, ABM had been hired to provide security services at the Bridgeport station, not to inspect its guardrails. Although ABM was required to report hazardous conditions, Bak has not shown that ABM had any contractual obligation to report or repair deliberately designed features that had been part of the station for decades, such as the guardrail at issue here. We therefore find no error in the District Court's summary judgment ruling.

## CONCLUSION

We have reviewed all of the remaining arguments raised by the parties on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 26, 2015 judgment of the District Court with respect to its ruling regarding the scope of ABM's duty of care. We otherwise **VACATE** the judgment of the District Court and **REMAND** the cause to the District Court with instructions to dismiss it without prejudice to refiling in state court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] The parties agreed during argument that a new trial in state court would be more appropriate in these circumstances than a remand to the District Court for further proceedings there.

[4] Because we conclude that a new trial is necessary, we need not consider Bak's argument regarding the District Court's evidentiary rulings.

4