17-1964-cv
Hines v. Conn. Dep't of Correction

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of May, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             DENNY CHIN,
                      *Circuit Judges*.
_____

ARSHENNA HINES,

                 *Plaintiff-Appellant*,

        v.                                                    17-1964-cv

STATE OF CONNECTICUT
DEPARTMENT OF CORRECTION,

                 *Defendant-Appellee*.
_____

Appearing for Appellant:     S. Zaid Hassan, Bloomfield, CT.

Appearing for Appellee:      Carolyn Ennis, Assistant Attorney General, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Eginton, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Arshenna Hines appeals from the May 23, 2017 judgment of the United States District Court for the District of Connecticut (Eginton *J.*), dismissing her claims of gender and race discrimination and retaliation under federal and Connecticut law after granting summary judgment to Appellee Connecticut Department of Correction ("DOC") in an order of May 16, 2017. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review grants of summary judgment de novo, affirming only when no reasonable juror could find in favor of the non-moving party, here Hines, on the basis of the undisputed material facts. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010). "The analysis of discrimination and retaliation claims under CFEPA [Connecticut Fair Employment Practices Act] is the same as under Title VII." *Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 556 (2d Cir. 2010). As such, we analyze Hines's claims in accordance with Title VII case law.[1]

We agree with the district court that, even assuming Hines made out a prima facie claim of discrimination and exhausted her administrative remedies, she has failed to put forth any evidence indicating that DOC's "legitimate, non discriminatory reason[s]" for demoting and firing her were pretextual. *Gorzynski*, 596 F.3d at 106 (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)) Concerning her demotion in January 2014, Hines's performance was consistently deemed unsatisfactory despite being given ample opportunity to re-train and extensions of time in which she could improve. Her supervisor, Jeffrey Zegarzewski, testified in a deposition that Hines simply did not know how to do relatively basic tasks despite months on the job with more training than is usually provided. Concerning her termination in November 2014, Hines does not contest that she failed to return from medical leave after it had expired despite repeated notifications that such failure would result in "resignation not in good standing."[2] We do not see any evidence in the record that Hines's treatment can be attributed to either her race or her gender rather than her failure to do as expected.

A similar analysis applies to her retaliation claim. Adopting the dubious assumption that Hines was engaged in protected activity and that the protected activity was connected to adverse employment actions against her, *see Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (A prima

---

[1] DOC argues that Hines's brief is so deficient as to fail to comply with Federal Rule of Appellate Procedure 28, which provides independent grounds for dismissal without considering the merits. *See*, *e.g.*, *Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 47-48 (2d Cir. 2012). We agree that Hines's attorney's brief leaves much to be desired and that the appendix he filed entirely lacks any of the evidence we need to make a summary judgment determination, but we do not think these faults fall so short of Rule 28's requirements as to render dismissal appropriate on that ground.

[2] Hines also uses the terms "hostile environment" and "harassment" repeatedly, but she does not use them in the way they are understood in anti-discrimination law. A "hostile work environment" as that term is understood in anti-discrimination law exists only when an environment is hostile to people in a protected class because of their status. *See*, *e.g.*, *Gorzynski*, 596 F.3d at 102-03; *Faragher v. City of Boca Raton*, 524 U.S. 775, 786-88 (1998). Employees failing to get along, which is all that Hines alleges, is not "harassment" or a "hostile environment."

facie claim for retaliation under Title VII requires "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." (quotation marks omitted)), the record contains absolutely no evidence that Hines's poor job performance was not the real reason she was demoted. The record also contains no evidence that DOC used Hines's failure to return to work after medical leave as a pretext to cover up for their desire to retaliate against Hines for reporting discrimination.

We have considered the remainder of Hines's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3