19-90 (L)
*Shaheed v. Kroski*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty.

Present:

> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

---

DAGHRIB SHAHEED, WAHEEDAH SHAHEED,

*Plaintiffs-Appellants*,

v.                                                    Nos. 19-90, 19-94

STEPHAN KROSKI, NEW YORK CITY POLICE OFFICER; IN AN INDIVIDUAL AND OFFICIAL CAPACITY, PAUL BLISS, NEW YORK CITY POLICE OFFICER; IN AN INDIVIDUAL AND OFFICIAL CAPACITY, JONATHAN RODRIGUEZ, NEW YORK CITY POLICE OFFICER; IN AN INDIVIDUALAND OFFICIAL CAPACITY, LYDIA FIGUEROA, NEW YORK CITY POLICE OFFICER; IN AN INDIVIDUAL AND OFFICIAL CAPACITY, CITY OF NEW YORK,

*Defendants- Appellees*,

1

POLICE OFFICER KISHON HICKMAN, POLICE
OFFICER CHRISTOPHER MITCHELL, POLICE
OFFICER ALEX PEREZ, POLICE OFFICER WILLIAM
MORRIS, POLICE COMMISSIONER JAMES O'NEILL,
POLICE OFFICER JOHN ESSIG, POLICE OFFICER
RODNEY HARRISON, POLICE OFFICER ANDREW
CAPUL, POLICE OFFICER ROBERT LUKACH, POLICE
OFFICER WILSON ARAMBOLES, NEW YORK CITY
POLICE DEPUTY INSPECTOR, IN AN INDIVIDUAL
AND OFFICIAL CAPACITY, POLICE OFFICER FAUSTO
PICHARDO, POLICE OFFICER TIMOTHY WILSON,
POLICE OFFICER MARLON LARIN, POLICE OFFICER
BRIAN FRANKLIN, POLICE OFFICER ERIC PAGAN,
POLICE OFFICER HUGH MACKENZIE, POLICE OFFICER
CHARLES EWINGS, POLICE SERGEANT MEDINA,
POLICE OFFICER EDWARD SALTMAN, POLICE OFFICER
DANIEL TROYER, POLICE OFFICER AWILDA MELHADO,
POLICE OFFICER DARREN MCNAMARA, POLICE
OFFICER ANTHONY SELVAGGI, POLICE OFFICER
ETHAN ERLICH, POLICE OFFICER HENRY MEDINA,
POLICE OFFICER EDWARD BIRMINGHAM, IN AN
INDIVIDUAL AND OFFICIAL CAPACITY, POLICE OFFICER
CLIFFORD PARKS, POLICE OFFICER ANTONIO RIVERA,
JOHN DOE, NEW YORK CITY POLICE DETECTIVE
(FICTITIOUS NAME); IN AN INDIVIDUAL AND OFFICIAL
CAPACITY, JAMES DOE, NEW YORK CITY POLICE DETECTIVE
(FICTITIOUS NAME); IN AN INDIVIDUAL AND OFFICIAL
CAPACITY, JANE DOE, NEW YORK CITY POLICE OFFICER
(FICTITIOUS NAME); IN AN INDIVIDUAL AND
OFFICIAL CAPACITY,

*Defendants.*

---

For Plaintiffs-Appellants:  LAWRENCE P. LABREW, Esq., Law Office of
Lawrence LaBrew, New York, NY.

For Defendants-Appellees:  ASHLEY R. GARMAN (Richard Dearing,
Deborah A. Brenner, *on the brief*), Assistant
Corporation Counsel, *for* James E. Johnson,
Corporation Counsel of the City of New
York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of

New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Daghrib and Waheedah Shaheed appeal from an order of the district court entering judgment in favor of the defendants-appellees New York City police officers. The Shaheeds brought several claims under 42 U.S.C. § 1983 arising out of two incidents, the first on June 6, 2012 and the second on June 29–30, 2012, during which the defendant officers entered the Shaheeds' apartment. The district court whittled down these claims at the motion to dismiss, summary judgment, and trial stages. The Shaheeds' remaining claims were rejected by the jury, and the district court then denied the Shaheeds' motion for judgment as a matter of law or a new trial. We construe[1] the Shaheeds' arguments in this appeal as challenges to (1) the district court's grant of summary judgment to the defendants on the Shaheeds' false arrest, false imprisonment, and malicious prosecution claims arising out of the June 29–30 incident, and (2) the jury's verdict in favor of the defendants on the Shaheeds' false arrest and false imprisonment claims arising out of the June 6 incident. Familiarity with the underlying facts and procedural history of the case is assumed.

---

[1] Plaintiffs' brief is deficient in several respects, most glaringly in its failure to comply with Federal Rule of Appellate Procedure 28's requirement that the brief specify which of the district court's many rulings plaintiffs challenge. *See* Fed. R. App. P. 28(a)(6) (requiring an appellant's brief to include, *inter alia*, "a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record"). Although "[a]n appellant's failure to comply with Rule 28 invites dismissal of the appeal," *Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 48 (2d Cir. 2012), we nonetheless exercise our discretion to proceed to the merits of the appeal "because plaintiffs' claims [we]re substantial enough to merit a trial, and declining to consider this appeal would unfairly penalize plaintiffs for [their attorney's] failings as an advocate," *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 133 (2d Cir. 2004). However, we place the plaintiffs' attorney, Lawrence LaBrew, "on notice that his continued failure to comply with Rule 28 or any other of the Rules of Appellate Procedure will result in discipline." *Id.*

As to the first set of challenges, "[w]e review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005).[2] "We will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Id.*

The district court dismissed plaintiffs' false arrest, false imprisonment, and malicious prosecution claims arising out of the June 29–30 incident on the ground that the officers had at least arguable probable cause to believe that plaintiffs had obstructed governmental administration. "A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act . . . ." N.Y. Penal Law § 195.05. Probable cause is a complete defense to false arrest, false imprisonment, and malicious prosecution claims, *see Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014), and even "arguable" probable cause would support an independent defense of qualified immunity, *see Cerrone v. Brown*, 246 F.3d 194, 202–03 (2d Cir. 2001).

Plaintiffs appear to challenge the district court's probable cause determination on two grounds. First, plaintiffs argue that the Family Court order was not a search warrant and did not authorize defendants to enter their apartment during the June 29–30 incident, and so defendants therefore were not "performing an official function" within the meaning of § 195.05.

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

The problem with plaintiffs' argument is that New York Family Court orders provide an independent basis for police officers to enter peoples' homes. We have repeatedly recognized that, "[i]n child-abuse investigations, a Family Court order is equivalent to a search warrant for Fourth Amendment purposes." *Southerland v. City of New York*, 680 F.3d 127, 144 n.15 (2d Cir. 2012); *see also* N.Y. Fam. Ct. Act § 1034(2)(c) (vesting Family Court judges with the power to order investigations and providing that the procedure for issuing such orders "shall be the same as for a search warrant under . . . the criminal procedure law"); *Nicholson v. Scoppetta*, 344 F.3d 154, 176 (2d Cir. 2003) ("We have said previously that a Family Court order is probably the equivalent of a warrant for Fourth Amendment purposes."); *Tenenbaum v. Williams*, 193 F.3d 581, 602 (2d Cir. 1999) ("In the context of a seizure of a child by the State during an abuse investigation, . . . a court order is the equivalent of a warrant."). Moreover, New York law contemplates that instruments other than traditional search warrants may authorize entry for police officers who are assisting officers of the New York City Administration for Children's Services ("ACS"). N.Y. Fam. Ct. Act § 1034(2)(f) (stating that "law enforcement may not enter the premises where the child or children are believed to be present without a search warrant *or another constitutional basis for such entry*" (emphasis added)). The Family Court order accordingly authorized the defendants' entry during the June 29–30 incident, and the defendants were therefore "performing an official function" within the meaning of the obstructing governmental administration statute.

Second, plaintiffs argue that their refusal to open the door to their apartment was "pure speech" and thus did not satisfy the "physical force or interference" element of the obstructing governmental administration statute. N.Y. Penal Law § 195.05. Plaintiffs cite the Court of Appeals' decision in *Matter of Davan L.* for the proposition that "purely verbal interference may not satisfy the 'physical' component under Penal Law § 195.05." 689 N.E.2d 909, 910 (N.Y.

5

1997). They also cite a Criminal Court decision, *People v. Offen*, for the proposition that "it is no crime to refuse to open a door to police officers." 408 N.Y.S.2d 914, 916 (Crim. Ct. 1978).

But plaintiffs' refusal to allow officers to lawfully enter their home was *not* pure speech, and New York courts have found that one can obstruct governmental administration by refusing to comply with a search warrant.[3] In *People v. Paige*, for example, the Third Department upheld a defendant's conviction for obstructing government administration where that defendant refused to let police officers into the residence of a third party for whom police officers had an arrest warrant. 911 N.Y.S.2d 176, 179 (App. Div. 3d Dep't 2010), *aff'd*, 945 N.E.2d 1028 (N.Y. 2011). And in *People v. Nesbitt*, the Third Department (again) upheld a defendant's conviction where the defendant refused to let police officers into an apartment to effectuate arrest warrants against him. 894 N.Y.S.2d 545, 548–49 (App. Div. 3d Dep't 2010). Similarly, our decision in *Lennon v. Miller*, 66 F.3d 416 (2d Cir. 1995), further supports the conclusion that plaintiffs obstructed governmental administration in the instant case, and that their actions were not pure speech. In *Lennon*, the plaintiff was told by a police officer that her husband had a right to take the car she was using. *Id.* at 419. Instead of yielding the vehicle, the plaintiff entered it, locked the doors, attempted to start it, and refused to get out. *Id.* The police officer forcibly removed the plaintiff from the car and arrested her for obstructing governmental administration, and we held that there was arguable probable cause for her arrest because "[w]hen she refused to leave the car, it was reasonable for [the officers] to construe her actions as 'interference.'" *Id.* at 424.

Moving to the plaintiffs' second set of challenges, the Shaheeds appeal the district court's entry of judgment for defendants on plaintiffs' false arrest and false imprisonment claims arising

---

[3] *Offen* is accordingly distinguishable, as the police in that case had not obtained a warrant. *See* 408 N.Y.S.2d at 914–15.

out of the June 6 incident. Here, again, plaintiffs' primary contention is that the Family Court orders did not authorize defendants to enter their apartment during the June 6 incident. And for all the same reasons as above, plaintiffs are mistaken in their view that Family Court orders cannot authorize police officers to enter people's homes. Although plaintiffs fail to specify which aspects of the proceedings they are challenging—whether the district court's decision to instruct the jury that the Family Court orders authorized defendants to enter plaintiffs' apartment on June 6, the jury's verdict in favor of defendants, or the district court's denial of plaintiffs' motion for a new trial—their argument provides no basis for reversal of any of these decisions.[4]

We have reviewed the plaintiffs' remaining arguments and find in them no basis for reversal. For the reasons stated herein, the order and judgment of the district court are **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[4] Neither did the district court err in precluding plaintiffs from challenging the validity of the Family Court orders. This argument bears on the district court's denial of plaintiffs' motion in limine, in which plaintiffs sought to introduce the testimony of Waheedah's minor daughter, and on the district court's denial of plaintiffs' motion for a new trial, in which plaintiffs argued that they should have been permitted to introduce evidence that Waheedah did not neglect her children. We review these decisions for abuse of discretion, *see Nimely v. City of New York*, 414 F.3d 381, 392–93 (2d Cir. 2005); *Leopold v. Baccarat, Inc.*, 174 F.3d 261, 269 (2d Cir. 1999), but regardless of the standard of review, the district court did not err. As the district court noted, the Family Court orders were facially valid, and there was no evidence that defendants were involved in obtaining the orders.

7