17-3334-pr
O'Neal v. Spota

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand eighteen.

PRESENT:
> **ROBERT A. KATZMANN,**
> *Chief Judge,*
> **GUIDO CALABRESI,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

---

**Brontie O'Neal,**

*Plaintiff-Appellant,*

v.                                                                  **17-3334-pr**

**Thomas Spota, Suffolk County Municipality, Town of East Hampton, East Hampton Town Police Department, Marianne Susanna Rantala, Suffolk County 18b Lawyer, Irene Foster,**

*Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Brontie O'Neal, pro se, Attica, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Steven C. Stern, Sokoloff Stern LLP, Carle Place, NY, *for* Town of East Hampton and East Hampton Town Police Department, and Arlene S. |

Zwilling, Assistant County Attorney, Suffolk County Attorney's Office, Hauppauge, NY, *for* Thomas Spota and Suffolk County Municipality.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Bronte O'Neal, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 claims against former Suffolk County District Attorney Thomas Spota, the "Suffolk County Municipality," the Town of East Hampton, the East Hampton Town Police Department ("EHPD"), his court-appointed attorney Marianne Rantala, and Irene Foster, the complainant in a related criminal case, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). O'Neal alleged that (1) Spota and the County of Suffolk ("county defendants") maliciously prosecuted and defamed him; (2) the Town of East Hampton and the EHPD ("town defendants") falsely arrested him; (3) Rantala provided inadequate representation during his criminal proceedings; and (4) Foster was liable for his false arrest because she lied to the police. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in plaintiff's favor. *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), although that requirement is "inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

"[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)). However, pro se appellants must comply with Federal Rule of Appellate Procedure 28(a), which requires an appellant's brief to contain, "under appropriate headings and in the order indicated":

> (4) a jurisdictional statement . . . ; (5) a statement of the issues presented for review; (6) a concise statement of the case setting out the facts relevant to the issues submitted for review . . . ; (7) a summary of the argument . . . ; (8) the argument . . . ; [and] (9) a short conclusion stating the precise relief sought . . . .

Fed. R. App. P. 28(a); *see also Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (noting that Rule 28(a) "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal"). Despite affording pro se litigants "some latitude" in meeting procedural rules, we "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.* Moreover, "[a]n appellant's failure to comply with Rule 28 invites dismissal of the appeal." *Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 48 (2d Cir. 2012).

O'Neal's brief does not challenge the substance of the district court's January 12, 2017 dismissal of his claims against the county defendants or its September 19, 2017 order adopting the magistrate judge's recommendation to dismiss O'Neal's claims against the town and individual defendants. Nor does his brief identify any issues on appeal, set forth coherent arguments, or cite the record or legal authority, as required under Rule 28. Despite the "latitude" we afford pro se litigants, O'Neal's failure to comply with Rule 28 is fatal to his appeal. *Moates*, 147 F.3d at 209; *Taylor*, 690 F.3d at 48. Accordingly, because O'Neal fails to raise any issue regarding the district court's dismissals in his brief, he has waived his challenge to those issues before this Court. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the

3

briefs are considered waived and normally will not be addressed on appeal." (internal citation omitted)).

Additionally, O'Neal waived his right to judicial review of the magistrate judge's report and recommendation ("R & R") by failing to timely object. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992). This rule applies to pro se litigants if the magistrate judge expressly warns a pro se litigant that a failure to timely object will waive further judicial review and cites relevant statutory and civil rules authority. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (explaining that, where party received clear notice of the consequences, failure to timely file objections to the magistrate report operates as a waiver to further judicial review of the magistrate's decision); *Frank*, 968 F.2d at 300 ("[T]his Court requires the magistrate's report to warn the *pro se* litigant of the consequences of the failure to object."). Here, the magistrate judge warned O'Neal at the end of the R & R, in bold lettering, that "[f]ailure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court [or the] Court of Appeals." *See O'Neal v. Spota*, No. 2:16-cv-00579, Dkt. No. 120 at 15 (E.D.N.Y. Aug. 28, 2017). Because O'Neal did not object to the magistrate judge's R & R recommending dismissal of his claims against the town and individual defendants despite having received an express warning about the consequences of his failure to do so, these claims are waived.

We have considered all of O'Neal's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4