**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY GREEN, Sr., *Plaintiff-Appellant*, <br><br> v. <br><br> MERCY HOUSING, INC.; MERCY HOUSING MANAGEMENT GROUP, INC.; MERCY HOUSING CALIFORNIA XXXVIII, a California limited partnership, *Defendants-Appellees.* | Nos. 20-15134 <br> 20-15358 <br><br> D.C. No. 3:18-cv-04888-WHA <br><br><br> OPINION |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted March 2, 2021
San Francisco, California

Filed March 19, 2021

Before: Bobby R. Baldock,[*] Kim McLane Wardlaw, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Berzon

---

[*] The Honorable Bobby R. Baldock, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

## SUMMARY**

### Fair Housing Act / Costs

The panel vacated the district court's grant of costs to the defendant in an action under the Fair Housing Act, and remanded.

Joining the First, Second, Fourth, and Fifth Circuits, the panel held that in exercising its discretion whether to award costs to a prevailing defendant under the Fair Housing Act's fee-shifting provision, a district court must apply the *Christiansburg* standard, which requires the court first to determine whether the plaintiff's claim was frivolous, unreasonable, or groundless.

In a separate, concurrently-filed memorandum disposition, the panel affirmed in part and reversed in part the district court's grant of summary judgment to the defendant and remanded for further proceedings.

### COUNSEL

Irakli Karbelashvili (argued) and Irene Karbelashvili, AllAccess Law Group, Santa Clara, California, for Plaintiff-Appellant.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Michelle L. Younkin (argued) and Shirley C. Wang, Davis Wang APC, San Francisco, California, for Defendants-Appellees.

## OPINION

BERZON, Circuit Judge:

Rodney Green, Sr., a former tenant of Mercy Housing, Inc., appeals the district court's grant of summary judgment to Mercy Housing on Green's claims of race- and disability-based discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604 *et seq.* We address the summary judgment appeal and related discovery motions in a separate, concurrently-filed memorandum disposition. As we remand the case in the accompanying memorandum disposition, we do not pass judgment on the merits of the district court's ultimate conclusion as to whether to tax costs to Mercy Housing in this case. We write now only to clarify the circumstances under which a district court may award fees and costs to a prevailing defendant under the Fair Housing Act (FHA).

## I.

In November 2018, Rodney Green, Sr., was evicted from his home in East Leland Court Apartments, in Pittsburg, California. Two months before his eviction, Green, who is Black and mobility impaired, filed suit in federal court alleging that Mercy Housing had discriminated against him on the basis of race and disability. Specifically, Green asserted that Mercy Housing violated the Fair Housing Act, California Fair Employment and Housing Act, California Gov't Code § 12955 *et seq.*, and related statutes by refusing to provide him with reasonable accommodations for his

disability, and that Mercy Housing was motivated by racial animus when it served him with a sixty-day notice to quit in December of 2017. Mercy Housing moved for summary judgment. After the district court granted summary judgment to Mercy Housing on each of Green's claims, and over Green's timely objections, the court clerk entered a taxation of Mercy Housing's costs amounting $5,962.11.

Citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), Green argues that the district court abused its discretion in taxing costs to Mercy Housing without first determining that Green's claim was "frivolous, unreasonable, or groundless," *id.* at 422. This circuit has not previously addressed whether the *Christiansburg* standard applies to the Fair Housing Act. We now hold that it does.

## II.

Under Fed. R. Civ. P. 54(d)(1), costs are allowed to the prevailing party as a matter of course "[u]nless a federal statute, these rules, or a court order provides otherwise." "When the federal statute forming the basis for the action has an express provision governing costs . . . that provision controls." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (citing Fed. R. Civ. P. 54(d)(1)). Under the FHA's fee-shifting provision, a court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee and costs." 42 U.S.C. § 3613(c)(2).

In *Christiansburg*, the Supreme Court held that, under the fee-shifting provision of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(k), attorney's fees should be awarded to a prevailing defendant only if the plaintiff's claim was "frivolous, unreasonable, or without foundation." 434 U.S. at 421; *see Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997). *Summers* construed

*Christiansburg* as instructing that "attorney's fees should be granted to a defendant in a civil rights action only 'upon a finding that the plaintiff's action'" met the *Christiansburg* standard. 127 F.3d at 1154 (quoting *Christiansburg*, 434 U.S. at 421). Applying that standard, *Summers* held that a grant of attorney's fees to a prevailing defendant in an action brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, would be improper unless a plaintiff's underlying claim was "frivolous, unreasonable, or without foundation," 127 F.3d at 1154 (quoting *Christiansburg*, 434 U.S. at 421).

We have since held that *Christiansburg* applies to the award of both fees and costs to a prevailing defendant under the ADA. *See Brown*, 246 F.3d at 1190. The ADA's fee-shifting provision states that a court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. In *Brown*, we held that the ADA's statutory text "makes fees and costs parallel," and that the *Christiansburg* standard therefore applies equally to both. 246 F.3d at 1190.

We now apply this same logic to the FHA. The Act's fee-shifting provision states that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee and costs." 42 U.S.C. § 3613(c)(2). "[F]ee-shifting statutes' similar language is a strong indication that they are to be interpreted alike." *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 826 n.15 (9th Cir. 2001). And the text of the FHA provision is nearly identical to that of the fee-shifting provision of the ADA. The sole distinction is that the ADA—but not the FHA—explicitly identifies litigation expenses as a subset of awardable attorney's fees. *Compare* 42 U.S.C. § 3613(c)(2) *with* 42 U.S.C. § 12205. Because the FHA, like the ADA, treats

costs as parallel to, rather than a subset of, attorney's fees, we hold that the *Christiansburg* standard applies to the award of both attorney's fees and costs under the FHA.

Mercy Housing argues that the FHA and ADA fee-shifting provisions are distinguishable from one another because the ADA "includes costs as a potential *part* of a fee award whereas the FHA keeps the two categories—costs and attorney's fees—distinct." This construction of the ADA is foreclosed by *Brown*, which explicitly held that the ADA treats the two categories—fees and costs—as parallel. 246 F.3d at 1190. The placement of the commas in the ADA fees provision confirms that understanding, by setting off "litigation expenses" as a subset of fees, and then separately adding "and costs." 42 U.S.C. § 12205.

Our holding is consistent with the Supreme Court's reasoning in *Christiansburg* itself. In holding that plaintiff in a Title VII action "should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so," the Court reasoned that assessing fees against non-prevailing plaintiffs "would undercut the efforts of Congress to promote the vigorous enforcement" of civil rights actions. 434 U.S. at 422. Those efforts are not served when "the chilling effect upon civil rights plaintiffs would be disproportionate to any protection defendants might receive against the prosecution of meritless claims." *Mitchell v. Office of Los Angeles Cnty. Superintendent of Schs.*, 805 F.2d 844, 848 (9th Cir. 1986).

As this case illustrates, the danger of chilling civil rights enforcement identified in *Christiansburg* and *Mitchell*—both Title VII cases—is equally present in the Fair Housing context. Here, the plaintiff, Rodney Green, was taxed costs amounting to nearly $6,000 following the grant of summary

judgment to his former landlord.  Green, who maintains that he was subjected to racial harassment and disability-based discrimination by Mercy Housing, was ultimately evicted from his East Leland Court home for nonpayment of rent. When he filed this suit, in August of 2018, he owed Mercy Housing $3,417.00.  We do not now pass judgment on the merits of Green's underlying action.  But it does not require much imagination to see how a similarly situated plaintiff, already struggling to cover his expenses, might choose to forego the risk of incurring costs equal to several months' worth of rent to pursue even the strongest of claims against a discriminatory landlord.

We therefore hold that a plaintiff bringing suit under the Fair Housing Act should not be assessed fees or costs unless the court determines that his claim is "frivolous, unreasonable, or groundless."  *Christiansburg*, 434 U.S. at 422.  In so holding, we join the First, Second, and Fourth, and Fifth Circuits, all of which have applied the *Christiansburg* standard in the Fair Housing context.  *See Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos*, 38 F.3d 615, 618 (1st Cir. 1994); *Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 50 (2d Cir. 2012); *Bryant Woods Inn, Inc. v. Howard County*, 124 F.3d 597, 606 (4th Cir. 1997); *Providence Behav. Health v. Grant Rd. Pub. Util. Dist.*, 902 F.3d 448, 460 (5th Cir. 2018).

There is no indication in the record that the district court applied the *Christiansburg* standard when awarding costs. Moreover, as we reverse the grant of summary judgment in part in the accompanying memorandum disposition, it is apparent that it cannot be said at this juncture that Green's claims were overall "frivolous, unreasonable, or groundless." *Christiansburg*, 434 U.S. at 422.  We therefore vacate the costs award.  Costs should be awarded at the

conclusion of the litigation, applying the *Christiansburg* standard should Mercy Housing ultimately prevail.

**VACATED** and **REMANDED**.