**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YELLOWSTONE WOMENS FIRST STEP
HOUSE, INC.; et al.,

Plaintiffs-Appellants,

v.

CITY OF COSTA MESA,

Defendant-Appellee.

No.    19-56410

D.C. No.
8:14-cv-01852-JVS-JDE

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted July 26, 2021
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,** District
Judge.

Yellowstone Women's First Step House, Inc. ("Yellowstone"), California

Women's Recovery, Inc. ("Lynn House"), and Sober Living Network, Inc.

("SLN") appeal the district court's entry of final judgment in favor of the City of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Royce C. Lamberth, United States District Judge for
the District of Columbia, sitting by designation.

Costa Mesa (the "City") on all claims after a roughly two-week jury trial. They argue that the district court committed several errors before, during, and after trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Appellants disclaimed asserting a facial discrimination claim against Ordinance 14-13 on multiple occasions and thus effectively abandoned this claim. *See Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). Because Appellants have abandoned this claim, they cannot raise it—or issues related to it—on appeal. *See id.*; *see also Somers v. Apple, Inc.*, 729 F.3d 953, 960–61 (9th Cir. 2013). For this reason, we decline to review the district court's grant of the City's motion to dismiss the second amended complaint, its denial of Lynn House and SLN's motion for partial summary judgment, and its denial of SLN's motion for partial summary judgment with respect to its reasonable accommodation claim, which is a repackaged facial discrimination claim.[1]

2.      The district court did not err in denying SLN's motion for partial summary judgment on its claim based on Ordinance 17-05 due to lack of notice. Appellants' complaint did not put the City on notice that they sought to assert a

---

[1] To the extent SLN's reasonable accommodation claim can be construed as an as-applied challenge focusing on "discrete instances" in which "specific individualized accommodations" were denied, we agree with the district court that the City lacked proper notice of any allegations related to these specific applications for reasonable accommodations. *Cf. Payan v. Los Angeles Cmty. Coll. Dist.*, No. 19-56111, 2021 WL 3730692, at *9 (9th Cir. Aug. 24, 2021).

facial challenge to Ordinance 17-05's special use permit provisions, nor did they make their intention to do so known during discovery. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The district court's decision not to consider new assertions raised on summary judgment was not an abuse of discretion under the circumstances. Even if the new assertions were construed as a request for leave to amend, the factors courts take into account to assess the propriety of granting such leave would not have counseled in favor of granting leave here. *Cf. Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154–55 (9th Cir. 2014).

3.　The district court did not commit any instructional or evidentiary errors at trial. But even if the claimed errors were made, Appellants were not harmed or prejudiced by them. *See Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011); *Wagner v. Cnty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013). The district court also did not abuse its discretion in refusing to order separate trials. *See* Fed. R. Civ. P. 42(b); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

4.　The district court did not err in denying Yellowstone's motion for entry of judgment on its California Government Code § 65008 claim. The district court concluded that Yellowstone did not meet its burden of proving that the City discriminated against Boston House because of disability, and this finding of fact

3

was neither clearly erroneous nor was it predicated on legal or factual error. *See Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1068 (9th Cir. 2015); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) ("[A] finding of intentional discrimination is a finding of fact . . . .").

5.  The district court did not err in denying Lynn House and SLN's renewed motion for judgment as a matter of law on their disparate impact and disparate treatment claims. In reviewing the district court's denial of a renewed motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure, we must "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (alteration in original) (quoting *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006)).

A reasonable jury could conclude that the substantial, legitimate, nondiscriminatory interests supporting Ordinance 14-13 would not be served by another practice that has a less discriminatory effect. *See Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 533 (2015). A reasonable jury could also conclude that passage of Ordinance 14-13 was not more likely than not motivated by a discriminatory reason. *See Pac. Shores Properties, LLC v. City of Newport Beach*, 730 F.3d 1142, 1158 (9th Cir. 2013). Thus, under the substantial evidence standard, there was adequate evidence to support the

jury's verdict that Lynn House and SLN failed to establish their disparate impact and disparate treatment claims by a preponderance of the evidence. *See Go Daddy*, 581 F.3d at 963.

6. Because of timing, the district court did not have the benefit of our recent decision in *Green v. Mercy Housing, Inc.*, 991 F.3d 1056 (9th Cir. 2021), when it affirmed costs against Appellants. Under *Green*, a plaintiff bringing suit under the Fair Housing Act—as well as under the Americans with Disabilities Act, *see id.* at 1057—"should not be assessed fees or costs unless the court determines that his claim is 'frivolous, unreasonable, or groundless.'" *Id.* at 1058 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). We thus vacate the costs award and remand for the district court to review the Clerk's award of costs against Appellants in light of *Green*.

**AFFIRMED in part, VACATED in part, and REMANDED.[2] Each party shall pay its own costs on appeal.**

---

[2] We deny the motion for leave to file an amici curiae brief of League of California Cities and California State Association of Counties (Dkt. No. 61) and grant the parties' motions to take judicial notice (Dkt. Nos. 26, 50).